UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
CESAR BAUTISTA, individually and on behalf of all others similarly situated,

                        Plaintiff,

            -against-

NORTH JERSEY PROPERTY MAINTENANCE, LLC and BRIAN SPELLMAN,

                        Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Cesar Bautista ("Bautista" or "Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants North Jersey Property Maintenance, LLC ("NJPM") and Brian Spellman ("Spellman") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

7. Defendant NJPM is a domestic limited liability company with its principal place of business located at 6 Second Street, Bloomingdale, New Jersey 07403.

8. Defendant Spellman is an individual residing, upon information and belief, in the state of New Jersey.

9. At all relevant times Spellman was, and still is, a member and/or person in control of NJPM, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

10. Upon information and belief, Defendants failed to post a notice explaining the FLSA in a conspicuous location in the workplace so as to permit their employees to readily read it.

11. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

12. Defendants operate in interstate commerce.

13. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

14. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

15. The FLSA Collective Plaintiffs consist of no less than three (3) similarly situated current and former employees of Defendants, who work or worked in excess of forty (40) hours per workweek and are victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

16. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) hours per workweek.

17. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

18. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

19. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

20. Defendants employed Plaintiff as a driver and maintenance worker from in or around 1991 until on or around April 21, 2018.

21. As a driver and maintenance worker, Plaintiff's principal job duties included transporting cleaning equipment to various customer locations, including malls, supermarkets, and department stores; sweeping and cleaning customers' parking lots, sidewalks, and green areas; picking up garbage left by customers' patrons; emptying customers' public garbage cans; cleaning customers' windows and elevators; and taking away refuse from customers' locations.

22. At no time did Plaintiff have the authority to hire, fire, or discipline employees, nor did he make suggestions or recommendations as to the hiring or firing of other employees.

23. Spellman retained the sole authority to hire, fire, and discipline employees at NJPM.

### Plaintiff's Work Schedule and Rates of Pay

24. Throughout Plaintiff's employment with Defendants, and specifically from in or around April 2015 until on or around April 21, 2018, Plaintiff regularly worked Mondays through Saturdays, from approximately 9:30 p.m. until 9:30 a.m., for a total of approximately seventy-two (72) hours per week.

25. Plaintiff was not afforded meal or rest breaks during his employment with Defendants.

26. From the commencement of Plaintiff's employment with Defendants until in or around April 2015, Plaintiff was compensated at an hourly rate for forty (40) hours of work each week regardless of the number of hours Plaintiff worked.

27. During the aforementioned period, for reasons unknown to Plaintiff, Plaintiff's rate of pay changed repeatedly. To the best of Plaintiff's recollection, Plaintiff was compensated for forty (40) hours of work at a rate between $34.36 per hour and $37.08 per hour.

28. From on or around April 13, 2015 until on or around April 21, 2018, Plaintiff was paid at a weekly salary.

29. During the aforementioned period, for reasons unknown to Plaintiff, Plaintiff's weekly salary changed repeatedly and ranged from approximately $1,000.00 to $1,500.00 per week.

30. Plaintiff's weekly compensation did not appear to fluctuate based on the number of hours Plaintiff worked each week.

31. Throughout Plaintiff's employment with Defendants, Plaintiff repeatedly asked Defendants to explain the method Defendants used to calculate Plaintiff's compensation; however, Defendants ignored Plaintiff's requests and never provided Plaintiff with an explanation of the method used to calculate his compensation.

32. Throughout his employment with Defendants, Plaintiff repeatedly informed Defendants that he was regularly working more than seventy (70) hours per week and that, as a result, Plaintiff was entitled to overtime wages for all hours worked in excess of forty (40) hours per week.

33. However, Defendants ignored Plaintiff's repeated requests for overtime wages, and continued to demand that Plaintiff work at least twelve (12) hours per day throughout Plaintiff's six (6) day workweek without compensating Plaintiff at his proper overtime rate for all hours worked in excess of forty (40) hours per week.

**Defendants' Overtime Violations**

34. Plaintiff and the FLSA Collective Plaintiffs routinely worked in excess of forty (40) hours per week during their employment with Defendants.

35. However, Defendants failed to compensate Plaintiff and the FLSA Collective Plaintiffs at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per workweek.

36. Instead, Defendants compensated Plaintiff and the FLSA Collective Plaintiffs at varying weekly salaries and failed to pay Plaintiff and the FLSA Collective Plaintiffs for work performed in excess of forty (40) hours per workweek.

37. Neither Plaintiff nor the FLSA Collective Plaintiffs supervised any employees, nor were they employed in executive, professional, or administrative capacities.

38. As a result, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under both the FLSA and the New Jersey Wage and Hour Law.

39. At all relevant times, Defendants were aware of, and set, Plaintiff's and the FLSA Collective Plaintiffs' schedules and knew or should have known that Plaintiff and the FLSA Collective Plaintiffs were routinely working more than forty (40) hours per workweek.

40. Despite this knowledge, Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages for the hours that they worked in excess of forty (40) hours per workweek.

41. Defendants' refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to them were and are intentional and willful violations of federal and state wage and hour laws.

42. Plaintiff and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

43. Plaintiff repeats and realleges all prior allegations set forth above.

44. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per workweek.

45. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek during their employment with Defendants.

46. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

47. Instead, Defendants compensated Plaintiff and the FLSA Collective Plaintiffs at varying weekly salaries regardless of the number of hours they worked each week, and failed to provide Plaintiff and the FLSA Collective Plaintiffs with overtime wages for all hours worked in excess of forty (40) hours per workweek.

48. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

49. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are

entitled to additional damages equal to one hundred percent (100%) of all wages due to them ("liquidated damages").

50. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiff's and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

51. Plaintiff repeats and realleges all prior allegations set forth above.

52. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to overtime pay of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

53. Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment with Defendants.

54. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours per workweek.

55. Instead, Defendants compensated Plaintiff at a varying weekly salary regardless of the number of hours he worked each week, and failed to provide Plaintiff with overtime compensation for all hours worked in excess of forty (40) hours per workweek.

56. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due to him, along with reasonable attorneys' fees, interest, and costs.

57. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

58. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

59. Plaintiff repeats and realleges all prior allegations.

60. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

61. Defendants also failed to pay Plaintiff all wages due to him, including overtime wages, not later than the regular payday for the pay period during which he last worked for Defendants, in violation of N.J.S.A. 34:11-4.3.

62. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due to him, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

63. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Plaintiff;

c) interest;

d) costs and disbursements; and

e) such other and further relief as is just and proper.

Dated: New York, New York
       May 11, 2018

                                              */s/ Adam Sackowitz*
                                              Adam Sackowitz
                                              Katz Melinger PLLC
                                              280 Madison Avenue, Suite 600
                                              New York, New York 10016
                                              (212) 460-0047
                                              ajsackowitz@katzmelinger.com
                                              *Attorneys for Plaintiff*